```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WILLIAM BYRD,

                Petitioner,            MEMORANDUM & ORDER
                                       11-CV-0750 (JS)
        -against-

VINCENT DEMARCO, SHERIFF OF SUFFOLK
COUNTY,

                Respondent.
----------------------------------------X
APPEARANCES:
For Petitioner:   William Byrd, pro se
                  Prisoner No. 413072
                  Suffolk County Correctional Facility
                  100 Center Drive
                  Riverhead, NY 11901

For Respondent:   No appearances.
```

SEYBERT, District Judge:

      William Byrd, pro se, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing Mr. Byrd's Petition, the Court sua sponte DENIES IT.

## DISCUSSION

      On September 11, 2010, Mr. Byrd was arrested and arraigned on the charge of Kidnapping in the Second Degree. (Pet. ¶ 8.) Mr. Byrd alleges that he invoked his statutory right to testify before the grand jury, but that the grand jury nevertheless proceeded to indict him without his testimony. (Pet. ¶ 9-11.) Mr. Byrd claims that, in so doing, the state

courts have denied him his federal right to due process. Thus, he commenced this Petition.

Unfortunately for Mr. Byrd, he is wrong. It is well-settled that "the right to testify before a grand jury is purely a New York state statutory right, and is not a constitutional right that can lead to relief on habeas review." Johnson v. Taylor, 08-CV-2442, 2010 WL 2735770, at *6 (E.D.N.Y. July 8, 2010); Martinez v. Artus, 06-CV-5401, 2010 WL 1692454, at *6 (E.D.N.Y. April 26, 2010); Newton v. McCauliffe, 09-CV-9818, 2010 WL 2541099, at *6 (S.D.N.Y. June 22, 2010). Consequently, Mr. Byrd's Petition fails to allege any violation of a federal constitutional right.

Thus, the Court must sua sponte DENY Mr. Byrd's Petition. And because there can be no debate among reasonable jurists that Mr. Byrd's claims do not entitle him to § 2254 habeas relief, the Court will not issue a Certificate of Appealability. See Middleton v. Attorneys General, 396 F.3d 207, 209 (2d Cir. 2005). The Clerk of the Court is directed to mark this matter as closed.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
February  25 , 2011